FILED

2001 JUL 16 A 6:04

CLERK, US DIST CRT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE GOLDEN, JACOB GOLDEN, JESSICA GOLDEN, and HEIDI MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants. | CIV-F-00-7173 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT |

## I. INTRODUCTION

The Bureau of Alcohol Tobacco & Firearms ("BATF"), BATF Special Agent Gary Mayfield, and the County defendants[1] move to dismiss, and or, for a more definite statement of Michael Wayne Golden, Jacob and Jessica Golden, both minor children of Wayne Golden, and Heidi Millers' ("plaintiffs") 28 U.S.C. § 1983/*Bivens* complaint. Pursuant to plaintiffs' opposition to BATF's motion to dismiss, plaintiffs agree to voluntarily dismiss BATF with prejudice. Oral argument was heard on May 21, 2001.

---

[1] County defendants refers to the County of Fresno, Sheriff Richard Pierce, Lieutenant Robert L. Hagler, Jr., Deputy Sheriffs Richard Ko, Bret McAndrews, and John Avila.



1

## II. BACKGROUND

On December 29, 1999, defendants Mayfield and Ko were detailed to investigate a Crime Stoppers tip that Michael Golden possessed illegal weapons and explosives. *See* BATF M.T.D., Ex. 1. The confidential citizen informant told officers that she/he watched Michael Golden convert a semi-automatic AK-47 assault rifle to fully automatic. *See* id. The informant also noted seeing Michael Golden in possession of six hand grenades at his residence. *See* id.

On December 29, 1999, plaintiffs Michael, Jacob, and Jessica Golden traveled to the Fresno County Sheriff's Department to turn in two rifles pursuant to a voucher program. *See* Amended Complaint at ¶ 6. Plaintiffs allege that while at the Sheriff's Department, they were assaulted and detained without probable cause, locked in an interrogation room, and unlawfully interrogated by defendants Mayfield and Ko regarding an ongoing investigation into the theft of explosives from a Fresno Police Department bomb and explosives storage facility. *See* id. Defendant Ko asked Michael Golden if he had any fully automatic firearms or explosive devices. *See* BATF M.T.D., Ex. 1. Michael Golden denied owning or possessing any fully automatic firearms or illegal explosives. *See* id. Michael Golden told Mayfield and Ko that he took several former Fresno City Counsel members to a range and demonstrated an AK-47 and a pump shotgun that he borrowed. *See* id. Defendants released plaintiffs after approximately one hour. *See* Amended Complaint at ¶ 6.

Plaintiffs allege that while driving home, Michael Golden became suspicious that they were being followed and pulled over

2

1  to the side of the road.  *See* id. at ¶ 7.  Plaintiffs allege that
2  defendants jumped out of an unmarked car wearing ski masks, and
3  surrounded plaintiffs' car at gunpoint.  *See* id.  Defendants
4  physically removed Michael Golden from the vehicle at gunpoint,
5  searched him, and placed him in a marked vehicle.  *See* id.
6  Plaintiffs contend that defendants traumatized Jacob and Jessica,
7  the two minor children by pointing loaded guns at them, shouting
8  and screaming, and separating them from their father.  *See* id.
9  Plaintiffs allege that defendants did not identify themselves
10 throughout the ordeal.  *See* id. at ¶ 8.

11     Plaintiffs were later transported to their residence.  *See*
12 id. at ¶ 9.  Plaintiffs allege that the front door to their home
13 had been battered open and their house ransacked by defendants.
14 *See* id. at ¶¶ 9-10.  Plaintiffs contend that they were not
15 informed of their *Miranda* rights, unlawfully interrogated
16 regarding the explosives theft, and deprived permission to
17 consult with their attorney who arrived at the scene.  *See* id. at
18 ¶¶ 13-16.  Michael Golden was allegedly denied access to Jessica
19 Golden's heart medication.  *See* id. at ¶ 15.

20     At approximately 7 p.m., Heidi Miller arrived at the
21 residence.  *See* id. at ¶ 14.  Plaintiffs allege that defendants
22 demanded to see Heidi Miller's driver's license, searched her
23 car, and entrapped her in "the unlawful scenario at Michael's
24 residence."  *See* id. at ¶ 15.

25     Plaintiffs assert that defendants stole their property
26 including, a collection of gold and silver coins valued at
27 $30,000 to $40,000.  *See* id. at ¶ 17.  No illegal firearms or
28 explosives were found at the residence.  *See* id.

3

III. **LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is disfavored and rarely granted: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Gilligan v. Janow Dev. Corp.*, 106 F.3d 246, 249 (9th Cir. 1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). In deciding a motion to dismiss, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Oscar v. University Students Co-op Ass'n.*, 965 F.2d 783, 785 (9th Cir. 1992), *cert. denied*, 506 U.S. 1020 (1992); *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *see Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031 (1981); *see also*

4

*Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *cert. denied*, 512 U.S. 1219 (1994) ([A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied, sub nom., Wyoming Community Development Authority v. Durning*, 484 U.S. 944 (1987).

Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981). The Court must deny the motion if the complaint is specific enough to apprise defendant of the substance of the claim being asserted. *See Bureerong v. Uyawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996). The Court should also deny the motion if the detail sought by a motion for more definite statement is obtainable through discovery. *See Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

5

IV. **ANALYSIS**

A. **MINOR PLAINTIFFS JACOB AND JESSICA GOLDEN**

A person's capacity to sue depends on the law of the person's domicile. *See* Fed. R. Civ. P. 17(b); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). As minors, plaintiffs Jacob and Jessica Golden lack capacity to sue defendants without an appointed guardian ad litem. *See* Cal. Code. Civ. P. 372(a); *State v. Superior Court of Sacramento County*, 86 Cal.App.3d 475, 482, 150 Cal.Rptr. 308, 313 (1978), *overruled on other grounds by Hernandez v. County of Los Angeles*, 42 Cal.3d 1020, 728 P.2d 1154 (1987). Because there are no allegations that a guardian ad litem is appointed, plaintiffs Jacob and Jessica Golden's action is DISMISSED with leave to amend.

B. **QUALIFIED IMMUNITY-DEFENDANT MAYFIELD**

Defendants contend that Mayfield is entitled to qualified immunity. *See* BATF M.T.D. at P. 3. "Government officials performing discretionary functions [are entitled to] qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The qualified immunity defense applies to *Bivens* claims. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). To determine whether qualified immunity is appropriate, the court (1) identifies the right allegedly violated; (2) determines whether the right was clearly established at the time of the violation; and (3) decides whether

a reasonable official would have believed the conduct at issue did not violate the identified right. *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th Cir. 1998).

### 1. THE ALLEGED RIGHT VIOLATED

Plaintiffs contend that Special Agent Gary Mayfield violated their Fourth Amendment rights by unlawfully detaining and interrogating plaintiffs. *See* Pl. Opp. to BATF at P. 5. Plaintiffs assert that Mayfield obtained a search warrant based on false and misleading material statements and unlawfully entered plaintiffs' home. *See id.* Plaintiffs' allegations are general and do not provide specific facts to determine precisely how the defendants are in violation of plaintiffs' Fourth Amendment rights. As to the second prong of the qualified immunity test, all of foregoing acts, taken as true, are clearly established as violations of the Fourth Amendment.

### 2. REASONABLE BELIEF

Even if the plaintiff has alleged violations of clearly established rights, the government official is entitled to qualified immunity if a reasonable official could have believed that the conduct in question was lawful. *See Newell v. Sauser*, 79 F.3d 115, 118 (9th Cir. 1996).

Plaintiffs opposition to Mayfield's motion to dismiss generally states that Mayfield violated their rights when he procured "a search warrant under false pretenses." Without more than a conclusory assertion, plaintiffs' complaint fails to allege specific facts showing that Mayfield was aware that any

statements in the warrant application were false or that he knowingly presented false statements. Plaintiffs fail to overcome the "presumption of validity with respect to the affidavit supporting the search warrant," see *Franks v. Delaware*, 438 U.S. 154, 171 (1978), because the complaint does not allege which statements in the warrant application are false. See *Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991). Plaintiffs have failed to allege that "but for" the specifically alleged false information, the search warrant would not have issued.

The complaint generally alleges that Mayfield unlawfully detained, assaulted, and interrogated "plaintiffs." See Complaint at P. 2. Plaintiffs fail to allege that Mayfield himself assaulted any Plaintiff. Plaintiffs fail to allege specific facts showing that any reasonable officer in Mayfield's position would have known that detention and questioning of plaintiffs under the particular circumstances would be unlawful. A law enforcement officer may stop and detain an individual for investigative purposes if the officer has a reasonable suspicion of criminal activity. See *Terry v. Ohio*, 392 U.S. 1, 25-27 (1968). An anonymous tip about someone's participation in criminal activity, if supported with sufficient indicia of reliability, may be sufficient to establish reasonable suspicion. See *Alabama v. White*, 496 U.S. 325, 331-332 (1990).

Special Agent Mayfield received a tip from an informant who claimed to have "watched Michael Wayne Golden convert a semi automatic AK-47 assault rifle to fully automatic." See BATF M.T.D., Ex. 1. The informant also claimed to have knowledge of

8

where and when Golden purchased his conversion kit. *See id.* The informant claimed to have seen Golden in possession of six grenades and stated that Golden was a weapons collector "preparing for the year 2000." *See id.* The reliability of the informant is not discovered.

In light of the totality of circumstances, Special Agent Mayfield was justified to believe his one hour detention and questioning of plaintiffs did not violate their rights. Mayfield had specific information about the nature, type, and quantity of illegal weapons in Golden's possession, and determined that Golden had no permit to possess an automatic weapon. Golden admitted to have possessed an AK-47, but claimed he only borrowed it. *See id.* Mayfield had reasonable suspicion to detain and question plaintiffs. Beyond conclusory statements, plaintiffs fail to allege specific facts showing that Mayfield's conduct was not reasonable in light of the available information.

Plaintiffs concede that they have no knowledge whether Mayfield was involved in the alleged unlawful seizure along the highway because the individuals were wearing masks. Plaintiffs cannot state a claim based on conjecture, and therefore fail to allege facts that Mayfield was personally involved in any unlawful seizure. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Unless there is a showing of personal participation by the defendant, there can be no liability for a constitutional tort.). Out of an abundance of caution, dismissal of the complaint as to Mayfield is granted with leave to amend the complaint, as to Agent Mayfield.

C.  COUNTY DEFENDANTS

   1.  SHERIFF RICHARD PIERCE

Plaintiffs sue Sheriff Richard Pierce in his individual capacity. *See* Pl. Opp. to County at P. 4. Plaintiffs contend that the unlawful actions taken against them were in retaliation for Michael Golden's criticism of Sheriff Pierce on a radio show. *See id.* Liability in a personal-capacity suit can be demonstrated by showing that the supervising official actually caused the alleged constitutional injury. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiffs complaint fails to allege specific facts as to what, if any, retaliatory acts were taken by Pierce towards plaintiffs. Plaintiffs complaint does not allege facts showing whether Pierce had knowledge of any negative remarks made on the radio show to spark a retaliatory response. The complaint is not void of any facts showing that Pierce had knowledge or any involvement in the alleged questioning, detention, and seizures at plaintiffs' residence. The complaint as to Sheriff Pierce is dismissed with leave to amend.

   2.  STATE POLICYMAKER

Citing *McMillian v. Monroe County*, 520 U.S. 781 (1997), and *Pitts v. County of Kern*, 17 Cal.4th 340 (1998), defendants contend that Sheriff Pierce is acting as a policymaker of the state and should therefore be dismissed. The complaint is ambiguous as to what role, if any, Sheriff Pierce has in violating plaintiffs' rights. When a sheriff performs the function of "oversight and management of the local jail," ie.,

the effectuation of the release of prisoners, the "Sheriff acts for the County," and not the state. *See Streit v. County of Los Angeles*, 236 F.3d 552, 561 (9th Cir. 2001). By contrast, *McMillian* held that Alabama county sheriffs represented the state when they acted in their law enforcement capacity of investigating a state murder charge. *See McMillian*, 520 U.S. at 793; *see also Pitts*, 17 Cal.4th at 361 (county district attorneys represent the state, not the county, when preparing to prosecute and when prosecuting crimes).

Plaintiffs do not allege any connection with the local jail implicating the sheriff's oversight and management duties. On December 29, 1999, plaintiffs voluntarily traveled to the Fresno County Sheriff's Department to turn in two rifles. *See* Amended Complaint at ¶ 6. As pled, the complaint alleges that Sheriff Pierce violated plaintiffs' rights during his law enforcement duties of investigating and enforcing California's criminal laws. *See Granville v. Plummer*, 1999 WL 66513 *6 (N.D. Cal. 1999). For the foregoing reasons, the complaint fails to state a claim as to Sheriff Pierce, because it fails to show participation or knowledge and ratification of wrongful conduct pursuant to a custom or practice of the public entity. The motion to dismiss, is granted with leave to amend. The motion to dismiss based on immunity as a matter of law is DENIED.

D. <u>12(e) MOTION</u>

Plaintiffs' complaint vaguely names several individuals as county defendants without alleging any specific facts as to who committed which constitutional violation. Plaintiffs repeatedly

11

admit that they have no knowledge of who violated their rights because the individuals were masked and jumped out of an unmarked car. The complaint does not specify which alleged violation of rights applies to which defendants. These individuals are approximately dismissed until discovery or investigation provides Plaintiffs a basis for naming any Defendant, as required by Fed. R. Civ. P. 11.

### E.  *MONELL* CLAIM

Plaintiffs generally allege that the County failed to provide sufficient funds to the Sheriff's Department "to hire competent personnel, to train the personnel properly and to discipline and/or terminate personnel who were known to be incompetent and/or abusive to citizen's rights . . ." *See* Amended Complaint at ¶ 21. Plaintiffs do not allege what training or supervision the County failed to provide or how it caused injury in this case. Plaintiffs fail to allege facts that the County knew, or acted with reckless disregard about the defendant's officers' inadequate training and supervision. Plaintiffs fail to allege specific facts of any policy, practice, or custom. Plaintiffs *Monell* claim is DISMISSED with leave to amend. Plaintiffs concede that punitive damages are not available against the county. *See City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). The parties damages claim as to the County is DISMISSED with prejudice.

### V.  CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to

```
1  amend.  The Fed. R. Civ. P. 12(e) motion is GRANTED. BATF is
2  DISMISSED with prejudice.  Plaintiffs' shall have thirty (30)
3  days from the date of service of the order on this memorandum
4  decision to amend the complaint.  Defendants shall, within five
5  (5) days following service of this memorandum opinion, lodge with
6  the court a proposed order in conformity with this opinion.
7
8  SO ORDERED.
9
10 DATED: July 13, 2001
```

                                          _____
                                             Oliver W. Danger
                                          UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
July 16, 2001

* * CERTIFICATE OF SERVICE * *

1:00-cv-07173

Golden

   v.

Fresno County

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on July 16, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Kate Wells
Law Offices of Kate Wells
2600 Fresno Street
Santa Cruz, CA  95062

James J Arendt
Weakley and Ratliff
1630 E Shaw Ave
Suite 176
Fresno, CA  93710

Harvie Ruth Schnitzer
City of Fresno
2600 Fresno Street
Fresno, CA  93721-3602

David Morgan Frost
US Department of Justice
P O Box 7146
Washington, DC  20044-7146

OWW DLB

/s/ signature