FILED

2001 NOV 19 A 7:37

CLERK, US DIST. COURT

BY _____

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  MICHAEL WAYNE GOLDEN, JACOB      )  CIV-F-00-7173 OWW DLB
   GOLDEN, JESSICA GOLDEN, and     )
10 HEIDI MILLER,                    )  MEMORANDUM DECISION AND
                                    )  ORDER RE: DEFENDANTS'
11               Plaintiffs,        )  MOTION TO DISMISS SECOND
                                    )  AMENDED COMPLAINT AND
12      v.                          )  MOTION FOR MORE DEFINITE
                                    )  STATEMENT
13 COUNTY OF FRESNO, et al.,        )
                                    )
14               Defendants.        )
                                    )
15 _____ )

16

17      Before the court are the defendants' motions to dismiss for

18 failure to state a claim pursuant to Rule 12(b)(6) of the Federal

19 Rules of Civil Procedure or in the alternative a motion for a

20 more definite statement pursuant to Rule 12(e) of the Federal

21 Rules of Civil Procedure.

22

23            I.  FACTUAL AND PROCEDURAL BACKGROUND

24      On December 29, 1999, plaintiffs Michael, Jacob, and Jessica

25 Golden traveled to the Fresno County Sheriff's Department to turn

26 in two automatic rifles pursuant to a voucher program.  Second

27 Am. Compl. ¶ 6; Mayfield's Mem. of Law in Supp. of Mot. to

28

                                  1



1  Dismiss Ex. 1.[1]  While at the Sheriff's Office, plaintiffs allege
2  that they were assaulted, detained without cause, and
3  interrogated by defendants Ko and Mayfield in connection with an
4  ongoing investigation into the theft of explosive devices.
5  Second Am. Compl. ¶ 6.  Michael Golden stated that he knew
6  nothing about the explosives.  Id.  Michael, Jacob, and Jessica
7  Golden left the Sheriff's Office at approximately 5:00 p.m. after
8  being there for about one hour.  Id.

9      Plaintiffs allege that while driving home, Michael Golden
10  became suspicious that they were being followed and pulled over
11  to the side of the road.  Id. at ¶ 7.  Defendants then jumped out
12  of an unmarked car wearing ski masks and surrounded plaintiffs'
13  car at gunpoint.  Id.  Defendants physically removed Michael
14  Golden from the vehicle at gunpoint, searched him, and placed him
15  in a marked vehicle.  Id.  Plaintiffs contend that defendants
16  traumatized Jacob and Jessica by pointing loaded guns at them,
17  shouting and screaming, and separating them from their father.
18  Id.  Plaintiffs allege that defendants did not identify
19  themselves as law enforcement officers throughout the ordeal.
20  Id. at ¶ 8.

21      Michael, Jacob, and Jessica Golden were later transported to
22  their residence arriving at approximately 6 p.m.  Id. at ¶ 9.

23

24      [1] Exhibit One to Special Agent Mayfield's memorandum of law
25  in support of his motion to dismiss is the search warrant.  A
    document is not outside a complaint for purposes of a Rule
26  12(b)(6) motion if the complaint specifically refers to it and
    its authenticity is not questioned.  Branch v. Tunnell, 14 F.3d
27  449, 453 (9th Cir. 1994).  The complaint refers repeatedly to the
28  search warrant and plaintiff does not dispute its authenticity.

2

1 Plaintiffs allege that the front door to their home had been
2 battered open and their house ransacked by defendants. *Id.* at ¶¶
3 9-10. Plaintiffs contend that they were not informed of their
4 *Miranda* rights, were unlawfully interrogated regarding the
5 explosives theft, and denied permission to consult with their
6 attorney who arrived at the scene. *Id.* at ¶¶ 13-16. Michael
7 Golden was allegedly denied access to Jessica Golden's heart
8 medication. *Id.* at ¶ 15.

9 At approximately 7 p.m., Heidi Miller arrived at the
10 residence. *Id.* at ¶ 14. According to plaintiffs, defendants
11 stopped and demanded to see Ms. Miller's driver's license while
12 she was driving in front of the Golden residence. After showing
13 the license to defendants, plaintiffs allege that the officers
14 moved their car so that Ms. Miller could drive onto Michael
15 Golden's property thereby "entrapping her into the unlawful
16 scenario." *Id.* After entering the property, plaintiffs allege
17 that Ms. Miller's car was unlawfully searched, she was forced to
18 enter the Golden residence, and she was prevented from consulting
19 with her attorney. *Id.* at ¶¶ 14-15.

20 Michael Golden's attorney arrived at approximately 9 p.m.
21 *Id.* at ¶ 16. Plaintiffs allege that he was denied access to the
22 residence, and was threatened with arrest if he did not stop
23 taking photographs. *Id.* At approximately 10 p.m. plaintiffs
24 were shown a copy of the search warrant and shortly thereafter
25 were given a receipt stating nothing was found or removed. *Id.*

26 Plaintiffs assert that defendants stole their property
27 including, a collection of gold and silver coins valued at
28 $30,000 to $40,000. *Id.* at ¶ 17. No illegal firearms or

3

1 explosives were found at the residence. *Id.*

2 On December 26, 2000 plaintiffs filed suit. On January 1,
3 2001, they filed their first amended complaint. Defendants filed
4 motions to dismiss for failure to state a claim. On July 13,
5 2001, the motions were granted with leave to amend except for the
6 motion to dismiss the Bureau of Alcohol, Tobacco, and Firearms
7 (BATF) which was granted with prejudice. On August 31, 2001,
8 plaintiffs filed a second amended complaint.

9 On September 7, 2001 the county defendants[2] and the city
10 defendants[3] filed motions to dismiss for failure to state a claim
11 or in the alternative a motion for more definite statement. On
12 September 14, 2001, defendant Gary Mayfield filed a motion to
13 dismiss.

14

15                          II.   **LEGAL STANDARDS**

16 **A.   RULE 12(b)(6)**

17 A motion to dismiss for failure to state a claim under
18 Federal Rule of Civil Procedure 12(b)(6) is disfavored and rarely
19 granted. "[A] complaint should not be dismissed for failure to
20 state a claim unless it appears beyond a doubt that the plaintiff
21 can prove no set of facts in support of his claim which would
22 entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46
23 (1957); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.

24 _____

25   [2]The county defendants are: Fresno County; Sheriff Richard
    Pierce; Robert L. Hagler, Jr.; Richard Ko; Bret P. McAndrews; and
26   John A. Avila.

27   [3]The city defendants are the City of Fresno and three
28 unknown Fresno police officers.

                              4

1   1997) (holding issue is not whether plaintiff will ultimately
2   prevail, but whether claimant is entitled to offer evidence to
3   support the claim). In deciding a motion to dismiss, the court
4   accepts as true all material allegations in the complaint and
5   construes them in the light most favorable to the plaintiff.
6   *Oscar v. Univ. Students Co-op Ass'n.*, 965 F.2d 783, 785 (9th Cir.
7   1992); *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir.
8   1986).

9       In deciding a motion to dismiss a court may consider matters
10  of public record, including pleadings, orders, and other papers
11  filed with the court or records of administrative bodies. *Mack
12  v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.
13  1986), *abrogated on other grounds, Astoria Fed. Sav. & Loan Ass'n
14  v. Solimino*, 501 U.S. 104 (1991). The court may also consider
15  exhibits attached to the complaint. *Durning v. First Boston
16  Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). "[A] document is not
17  'outside' the complaint if the complaint specifically refers to
18  the document and if its authenticity is not questioned." *Branch
19  v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). The court does not
20  have to accept as true allegations contradicted by documents
21  referred to in the complaint. *Steckman v. Hart Brewing Inc.*, 143
22  F.3d 1293, 1295-96 (9th Cir. 1998). Conclusions of law need not
23  be accepted simply because they are pled as allegations. *Western
24  Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
25
26  **B.   RULE 12(e)**
27      Federal Rule of Civil Procedure 12(e) provides:
28      If a pleading to which a responsive pleading is

                                    5

1

2

3

4

5

6

> permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

7   A Rule 12(e) motion is only proper if the defendant cannot file a

8   responsive pleading.  *Famolare, Inc. v. Edison Bros. Stores,*

9   *Inc.*, 525 F.Supp. 940, 949 (C.D. Cal. 1981).  A court should deny

10  a Rule 12(e) motion if the detail sought by a motion for more

11  definite statement is obtainable through discovery.  *Beery v.*

12  *Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal.

13  1993).

14

15                        III.   DISCUSSION

16  A.   MOTIONS TO DISMISS

17      The county defendants argue that the complaint should be

18  dismissed because: 1) Jacob and Jessica Golden do not have

19  standing to sue because they are minors without a guardian ad

20  litem; 2) plaintiff's failed to plead sufficient facts to

21  maintain a *Monell* claim against the county; 3) plaintiffs have

22  not pleaded sufficient facts to support a conspiracy claim; and

23  4) Miller lacks standing to sue for constitutional violations in

24  connection with the search of the Golden residence.  The city

25  defendants argue that the complaint should be dismissed because:

26  1) plaintiffs failed to plead sufficient facts to support a

27  *Monell* claim against the city and 2) the Doe officers are

28  entitled to qualified immunity.  Defendant Mayfield argues that

1 | the complaint should be dismissed because: 1) plaintiffs have not
2 | effected proper service; 2) Special Agent Mayfield is entitled to
3 | qualified immunity; 3) plaintiffs have not alleged sufficient
4 | facts to support a conspiracy claim; and 4) plaintiff Miller does
5 | not assert a claim against Special Agent Mayfield.

6

7 | ### 1. Jacob and Jessica Golden's Standing to Sue

8 | The county defendants argue that Jacob and Jessica Golden do
9 | not have standing to sue because they are minors without a
10 | guardian ad litem. The court appointed Michael Golden as Jacob
11 | and Jessica's guardian ad litem on September 10, 2001. Doc. 67.
12 | County defendants' motion to dismiss is DENIED as to Jacob and
13 | Jessica Golden's standing to sue.

14

15 | ### 2. *Monell* Claim

16 | Both the City of Fresno and Fresno County argue that
17 | plaintiffs have pled insufficient facts to maintain a *Monell*
18 | claim. In *Monell v. New York City Dept. of Soc. Servs.*, 436
19 | U.S. 658 (1978), the Supreme Court held that a municipality[4] can
20 | be found liable under Section 1983 only if the municipality
21 | itself caused the constitutional violation. The court went on in

22

23 | [4] Counties can be considered municipalities under Section
1983. *See, e.g.*, *Symm v. United States*, 439 U.S. 1105, 1109
24 | (1979) (referring to "municipal corporations such as counties");
25 | *Reuter v. Skipper*, 4 F.3d 716, 719 (9th Cir. 1993) (equating
counties with "municipal corporations . . . subject to suit under
26 | section 1983") (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S.
27 | 658 (1978)); *Leon v. County of San Diego*, 115 F. Supp. 2d 1197,
1200 (S.D. Cal. 2000) (Section 1983 "does not bar suits against
28 | counties or similar municipal corporations.").

7

1 *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), to hold that
2 failure to provide adequate training may serve as a basis for
3 Section 1983 liability only where the failure to train amounts to
4 "deliberate indifference to the rights of persons with whom the
5 police come into contact." It is not sufficient to show that an
6 injury could have been avoided with more or better training. *Id.*
7 at 391. In addition, the training deficiency must be closely
8 related to the plaintiff's injury. *Id.* at 391. Thus, to show a
9 *Monell* claim based on inadequate training, plaintiff must allege:
10 1) a violation of plaintiff's constitutional rights; 2) the
11 municipality has customs or policies that amount to deliberate
12 indifference; and 3) these policies are the "moving force behind
13 the constitutional violations." *Estate of Amos v. City of Page,*
14 *Arizona*, 257 F.3d 1086, 1094 (9th Cir. 2001). There is no
15 heightened pleading standard for a *Monell* claim. *Lee v. City of*
16 *Los Angeles*, 250 F.3d 668, 679-80 (9th Cir. 2001). In the Ninth
17 Circuit, "a bare allegation that the individual officers' conduct
18 conformed to an official policy, custom, or practice" is
19 sufficient to withstand a motion to dismiss. *Id.* at 682-83.

20      Plaintiffs allege that both the city and county have
21 policies, practices, and procedures of allocating insufficient
22 funds to their law enforcement departments to adequately train
23 and discipline personnel. Plaintiffs allege that the county was
24 aware of past abuses similar to those plaintiffs encountered and
25 failed to take corrective action. They also allege that the city
26 was aware of unlawful activities on the part of the defendant
27 officers and failed to discipline those officers. Plaintiffs
28 allege the city's and county's failure to act was the proximate

8

1  cause of their alleged constitutional injuries.  Plaintiffs have
2  made sufficient allegations to state a *Monell* claim against
3  Fresno County and the City of Fresno.

4      The city defendants argue that plaintiffs have failed to
5  state a *Monell* claim because, " all Plaintiffs have plead [sic]
6  is that the CITY OF FRESNO police department is underfunded.
7  Plaintiffs do not have a constitutional right to have a properly
8  funded Police Department."  Plaintiffs have alleged
9  constitutional violations based on the Fourth Amendment, as
10 discussed infra.  Failure to fund is merely the form of the
11 practice and procedure that plaintiffs are alleging, not the
12 violation itself.

13     The county defendants' and city defendants' motions to
14 dismiss are DENIED as to the insufficiency of the *Monell* claim.

15

16     ## 3.  Conspiracy

17     The county defendants and Special Agent Mayfield argue that
18 plaintiffs have failed to plead facts sufficient to support a
19 conspiracy claim.  To survive a motion to dismiss, "plaintiffs
20 alleging a conspiracy to deprive them of their constitutional
21 rights must 'include in their complaint nonconclusory allegations
22 containing evidence of unlawful intent or face dismissal prior to
23 the taking of discovery.'"  *Harris v. Roderick*, 126 F.3d 1189,
24 1195 (9th Cir. 1997) (quoting *Branch v. Tunnell*, 937 F.2d 1382,
25 1386 (9th Cir. 1991) (*Branch I*)).  Plaintiffs' only allegation
26 related to the conspiracy is "Plaintiffs are informed and believe
27 and allege thereon that the defendants conspired with each other
28 to intentionally or recklessly violate plaintiffs' constitutional

9

1  rights as alleged herein."  Second Am. Compl. ¶ 20.  This is a
2  conclusion of law.  There are no nonconclusory allegations of
3  unlawful intent in the second amended complaint.  The motions to
4  dismiss are GRANTED as to the conspiracy allegation.

### 4.  Miller's Standing

7      The county defendants argue that Ms. Miller does not have
8  standing to argue that her constitutional rights were violated by
9  the search of the Golden residence.  Plaintiffs concede this.
10 The county defendants' motion to dismiss is GRANTED insofar as it
11 relates to Ms. Miller's standing to bring suit based on the
12 search of the Golden residence.

### 5.  Qualified Immunity

15     The Fresno City Doe officers and Special Agent Mayfield
16 argue that plaintiffs have failed to plead facts sufficient to
17 overcome the defendants' qualified immunity.  "[G]overnment
18 officials performing discretionary functions [are entitled to]
19 qualified immunity, shielding them from civil damages liability
20 as long as their actions could reasonably have been thought
21 consistent with the rights they are alleged to have violated."
22 *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  The qualified
23 immunity defense applies to *Bivens* claims.  *Wilson v. Layne*, 526
24 U.S. 603, 609 (1999).  To determine whether qualified immunity is
25 appropriate, a court must (1) identify the right allegedly
26 violated; (2) determine whether the right was clearly established
27 at the time of the violation; and (3) decide whether a reasonable
28 official would have believed the conduct at issue did not violate

10

1 the identified right. *Jensen v. City of Oxnard*, 145 F.3d 1078,
2 1085 (9th Cir. 1998).

3       The rights allegedly violated are the plaintiff's fourth
4 amendment rights, based on illegal detention, a fraudulently
5 obtained search warrant, damage to plaintiffs' residence, and the
6 theft of gold and silver coins.

7

8             a.  *Illegal Detention, Assault, and Interrogation*.

9       Plaintiffs claim that Special Agent Mayfield "assaulted and
10 detained [them] without probable cause, locked [them] in an
11 interrogation room and unlawfully interrogated [them]" while they
12 were at the Sheriff's Department.

13

14                 i.  *Assault Allegation*.

15       Special Agent Mayfield contends plaintiffs have
16 insufficiently pled the assault allegation because they have not
17 stated enough facts to determine if a constitutional violation
18 has occurred.  In order to determine if qualified immunity
19 applies a court must determine what right has been violated,
20 whether it was clearly established, and whether a reasonable
21 officer would have known that the conduct was unconstitutional.
22 Here there are no allegations regarding the circumstances of the
23 assault, who was assaulted, or how.  Not all assaults are
24 constitutional violations.  *Graham v. Connor*, 490 U.S. 386, 396
25 (1989); *Jackson v. City of Bremerton*, --- F.3d ---, 2001 WL
26 1173792 at *3 (9th Cir. 2001).  Without referencing any of the
27 facts surrounding the alleged assault, plaintiff has failed to
28 state a constitutional violation.  Special Agent Mayfield is

                                  11

1 │ protected by qualified immunity on this issue.  His motion to
2 │ dismiss is GRANTED as to the assault allegation, with leave to
3 │ amend.

4 │

5 │               *ii.  Detention and Interrogation Allegations.*

6 │      A law enforcement officer may stop and detain an individual
7 │ for investigative purposes if the officer has a reasonable
8 │ suspicion of criminal activity.  *Terry v. Ohio*, 392 U.S. 1, 25-27
9 │ (1968).  An anonymous tip may be sufficient to establish
10 │ reasonable suspicion if supported with sufficient indicia of
11 │ reliability.  *Alabama v. White*, 496 U.S. 325, 330-31 (1990).  A
12 │ less reliable tip requires more independent information to amount
13 │ to reasonable suspicion.  *Id.* at 330.  Every detail mentioned by
14 │ a tipster does not need to be verified, instead courts must look
15 │ at the totality of the circumstances.  *White*, 496 U.S. at 331.
16 │ Plaintiffs allege that Special Agent Mayfield's informant was not
17 │ reliable and had a reason to lie.  Second. Am. Compl. ¶ 19.  The
18 │ informant's tip was corroborated by the fact that Michael Golden
19 │ was at the Sheriff's Office turning in two automatic weapons
20 │ under a "buy back" program and by a check of a Sheriff's Office
21 │ database that verified the tipster had given the correct address
22 │ for Michael Golden.  Mayfield Mem. of Law in Support of Mot. to
23 │ Dismiss Ex. 1.  Viewed in the light most favorable to them, the
24 │ plaintiffs' allegations are sufficient to survive a motion to
25 │ dismiss on the interrogation and detention claims.  While there
26 │ is some independent verification it is slight.  Defendant
27 │ Mayfield's motion to dismiss is DENIED as to the detention and
28 │ interrogation allegation.

1                  b.  *Validity of Search Warrant.*

2        Special Agent Mayfield argues that the plaintiffs have

3  failed to sufficiently plead judicial deception and even if they

4  did plead judicial deception the remaining statements would still

5  support a finding of probable cause.

6        In order to plead a constitutional injury against an officer

7  based on a claim that the officer deceived the judge in procuring

8  a search warrant a plaintiff must: 1) point out specifically the

9  portion of the affidavit that is claimed to be false; 2) allege

10 some facts that show the defendant was aware, or should have been

11 aware, that the assertions were false; and 3) allege that the

12 false statements were "necessary to the finding of probable

13 cause."  *Branch v. Tunnell*, 14 F.3d 449, 452 (9th Cir. 1994)

14 (*Branch II*) (quoting *Branch I*, 937 F.2d at 1387).

15       Plaintiffs point out two statements that they claim to be

16 false: 1) that Michael Golden had illegal weapons in his home;

17 and 2) that Michael Golden had explosives in his home.  The only

18 allegation that might show Special Agent Mayfield was aware, or

19 should have been aware of, the falsity of these statements is

20 that while the search was being conducted the plaintiffs were

21 told to sit on a couch in the Golden residence.  Plaintiffs

22 contend that the defendants would not have had them sit inside

23 the house if they truly believed that there were explosives in

24 the home.  There is no allegation that Special Agent Mayfield was

25 at the house when plaintiffs were told to sit on the couch.  In

26 fact, plaintiffs allege that they arrived home around 6 p.m. and

27 were told to go into the house.  The search warrant, which

28 Special Agent Mayfield was trying to obtain, was not issued until

1  6:20 p.m.  He could not be in both places at once.  Plaintiffs
2  have not pled sufficient facts to withstand the heightened
3  pleading standard required by *Branch II*.  Plaintiffs were given
4  notice in the decision on the motions to dismiss the first
5  amended complaint that they had to allege facts showing Agent
6  Mayfield had a basis for knowing the alleged falsity of the
7  search warrant affidavit.  Defendant Mayfield's motion to dismiss
8  is GRANTED WITH PREJUDICE as to the adequacy of the search
9  warrant.

10  Defendant Mayfield also argues that plaintiffs were required
11  to establish that without the disputed statements the affidavit
12  would not have supported probable cause.  Plaintiffs need not
13  prove this at the motion to dismiss stage.  *Branch I*, 937 F.2d at
14  1388.

15  The Fresno City Doe officers argue that they should not be
16  held liable for an inadequate warrant because there is no
17  allegation that they participated in obtaining it.  There are no
18  such allegations.  City defendants' motion to dismiss is GRANTED
19  insofar as it relates to the Doe officers' liability for the
20  allegedly inadequate search warrant.

21

22          *c.  Damage to Plaintiffs' Property.*

23  Plaintiffs allege that Special Agent Mayfield, various
24  county defendants, and the Fresno City Doe officers destroyed the
25  plaintiffs' property during execution of the search warrant.
26  Special Agent Mayfield and the Doe officers argue that the
27  plaintiffs have not pled sufficient facts to overcome the
28  defendants' qualified immunity.  As discussed *supra*, to decide

14

1  whether qualified immunity applies, a court must find which
2  constitutional right was violated, whether the law was clearly
3  established, and whether a reasonable officer would have
4  understood that his conduct violated that right. *Jensen,* 145
5  F.3d at 1085.

6      Not all damage done by officers in connection with the
7  execution of a search warrant is a constitutional violation.
8  *Mena v. City of Simi Valley,* 226 F.3d 1031, 1041 (9th Cir. 2000).
9  "[O]fficers executing a search warrant occasionally 'must damage
10  property in order to perform their duty.'" *Liston v. County of*
11  *Riverside,* 120 F.3d 965, 979 (9th Cir. 1997) (quoting *Dalia v.*
12  *United States,* 441 U.S. 238, 258 (1979)). "[O]nly unnecessarily
13  destructive behavior, beyond that necessary to execute a warrant
14  effectively, violates the Fourth Amendment." *Mena,* 226 F.3d at
15  1041 (quoting *Liston,* 120 F.3d at 979).

16      Plaintiffs make no allegation that the damage to their
17  property was unnecessary and purposefully destructive.  Special
18  Agent Mayfield's and the Fresno City Doe officers' motions to
19  dismiss are GRANTED as to the destruction of property claim.  The
20  decision on the motions to dismiss the first amended complaint
21  does not specifically address the issue of plaintiff's damage
22  claim, but does state that "Plaintiffs' allegations are general
23  and do not provide specific facts to determine precisely how the
24  defendants are in violation of plaintiffs' Fourth Amendment
25  rights."  Dec. p. 7, lines 11-14.  Because this issue was not
26  specifically addressed the plaintiffs are given leave to amend.
27
28

1

       d.   *Theft of Coins*.

2       Plaintiffs allege that various defendants, including Special
3 Agent Mayfield and the Fresno City Doe officers, stole $30,000 to
4 $40,000 worth of gold and silver coins.  A properly pled
5 complaint must set out "who is being sued, for what relief, and
6 on what theory, with enough detail to guide discovery."  *McHenry*
7 *v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  Nothing more is
8 required.  Plaintiffs have sufficiently pled the who, what, and
9 how requirements of notice pleading in regard to the theft
10 allegation.  Defendants' motions to dismiss are DENIED as to the
11 theft of coins claim.

12

13       6.   Service

14       Special Agent Mayfield argues that plaintiffs have failed to
15 effect proper service as required by Rule 4(i)(2)(B) of the
16 Federal Rules of Civil Procedure.  Rule 4(i)(2)(B) states that
17 service on an officer or employee of the Unites States sued in
18 his individual capacity for acts occurring in connection with his
19 official duties, is "effected by serving the United States in the
20 manner prescribed by Rule 4(i)(1) and by serving the officer or
21 employee."  Special Agent Mayfield waived service to himself,
22 individually, but service to the United States was not waived.
23 The failure to serve the United States was first brought to
24 plaintiffs' attention on April 2, 2001 in the federal defendants'
25 motion to dismiss.  Doc. 46.  Since that time plaintiffs have not
26 effected service.  A court must allow a reasonable time to cure a
27 defect in service under Rule 4(i) if the plaintiff has served the
28 officer or employee.  Fed. R. Civ. Pro. 4(i)(3)(B).  Rule 4(m)

                                16

1  requires the court to extend the time of service past 120 days if
2  the plaintiff shows good cause for the failure.

3      Plaintiffs contend that they have good cause for their
4  failure to serve the United States and that neither Mayfield nor
5  the United States has been prejudiced by the delay.  Plaintiffs
6  argue that they had good cause for failure to serve the United
7  States because they believed that the federal defendants'
8  objections to service applied to BATF not Mayfield and the court
9  did not issue a specific ruling on this issue in the decision on
10  the motions to dismiss the first amended complaint.  This does
11  not amount to good cause.  The court is under no obligation to
12  tell a party represented by counsel how to effect service.  To do
13  so would wrongfully prefer one party over others.  The federal
14  defendants specifically stated in their memorandum of law in
15  support of the motion to dismiss the first amended complaint:

16      As set forth in the Federal Rules of Civil Procedure,
        service on an officer of the United States sued in his
17      individual capacity for acts occurring in connection
        with the performance of his duties requires service on
18      the United States "in the manner prescribed by Rule
        4(i)(1)" and by appropriate service on the individual
19      Fed. R. Civ. P., Rule 4(i)(2)(B) (2000). . . . [T]he
        claims against ATF and Mayfield must be dismissed.
20

21  Federal Defendant's Mem. in Supp. of Mot. to Dismiss at p. 3,
22  lines 11-18.  The federal defendants were explicit that their
23  objection pertained to both BATF and Special Agent Mayfield.
24  Parties and their attorneys are charged with knowing the Federal
25  Rules of Civil Procedure.  The rules unequivocally state the
26  requirements for service on the United States.  It is not the
27  court's function to advise a plaintiff represented by counsel how
28  to serve federal defendants when sufficiency of service of

                                17

1  process has been challenged.

2      At oral argument plaintiffs raised another reason for their
3  failure to properly serve the United States.  They argued that
4  the waiver of service signed by Special Agent Mayfield stated
5  that he was waiving service for himself and the agency for which
6  he acted.  The United States stated that Special Agent Mayfield
7  was not authorized to waive service on behalf of the United
8  States government and that based on the language of the waiver
9  plaintiffs should have known this.  Plaintiffs were still on
10 notice that their interpretation of the waiver was not undisputed
11 when the federal government raised the issue in their first
12 motion to dismiss.  However, it is clear that plaintiffs were
13 confused.  Plaintiffs have 10 days from the date of oral
14 argument, to serve the United States in accordance with Federal
15 Rule of Civil Procedure 4.  If they do not, the case against the
16 United States is dismissed for failure to serve.

17

18     **7.  Miller's Claim Against Defendant Mayfield**

19      Special Agent Mayfield argues that Ms. Miller has not stated
20 any claims against him.  Plaintiffs concede this point.  Special
21 Agent Mayfield's motion to dismiss is GRANTED as to Ms. Miller's
22 claims.

23

24 **B.  MOTIONS FOR A MORE DEFINITE STATEMENT**

25      The city[5] and county defendants filed alternative motions for

26
_____

27      [5]The city defendants do not elaborate on what they are
28 seeking a more definite statement about.  Therefore, their motion

18

1  more definite statement pursuant to Rule 12(e) of the Federal
2  Rules of Civil Procedure.  The county defendants request
3  plaintiffs clarify which specific defendants were involved in the
4  allegations that refer to "defendants" collectively.  Plaintiffs
5  argue that they are unable to list which specific defendants were
6  involved in what incident because the defendants wore masks.
7  Plaintiffs allege that masks were worn during the incident on the
8  road.  They are able to specify some of the officers involved in
9  the incident were county defendants.  Plaintiffs make blanket
10 allegations throughout the complaint against "defendants" even
11 when it is clear that not all of the defendants were present at
12 the time.  This is improper.  More than enough time for discovery
13 has passed to identify the participating officers.  A properly
14 pled complaint must set out "who is being sued, for what relief,
15 and on what theory, with enough detail to guide discovery."
16 *McHenry*, 84 F.3d at 1198.

17      County defendants also ask that the plaintiffs' statements
18 regarding the alleged assaults be more clearly stated,
19 specifically they seek clarification whether plaintiffs are
20 alleging excessive use of force.  As discussed above without
21 allegations that excessive force was used, plaintiffs have failed
22 to state a violation of their Fourth Amendment rights.   If
23 plaintiffs believe excessive force was used they must
24 specifically so allege.

25      The county defendants' motion for a more definite statement
26 ───────────────────────
27 will not be discussed, although it is assumed based on the rest
   of their motion that their concerns are similar to those of the
28 county defendants.

19

1 | is GRANTED. Plaintiffs must specifically identify which
2 | defendants are alleged to have participated in which actions.
3 | They must identify which plaintiffs suffered alleged harm as a
4 | result of the conduct of any defendant.

5 |

6 | ## CONCLUSION

7 | County defendants' motion to dismiss is DENIED insofar as it
8 | was based on Jacob and Jessica Golden's standing to sue and the
9 | insufficiency of the *Monell* claim. County defendants' motion to
10 | dismiss is GRANTED as to the conspiracy allegations and Ms.
11 | Miller's standing to bring suit based on the search of the Golden
12 | residence.

13 | City defendants' motion to dismiss is DENIED as to the theft
14 | claim. City defendants' motion to dismiss is GRANTED as to the
15 | claim the search warrant was fraudulently obtained and the
16 | destruction of property allegation.

17 | Special Agent Mayfield's motion to dismiss based on the
18 | insufficiency of service is DENIED. Plaintiffs have 10 days from
19 | the day of oral argument to serve the United States. Special
20 | Agent Mayfield's motion is GRANTED as to the conspiracy
21 | allegation, the assault allegation, the destruction of property
22 | allegation, and Ms. Miller's claims. Special Agent Mayfield's
23 | motion to dismiss is GRANTED WITH PREJUDICE as to the claim he
24 | procured a search warrant under false pretenses. Plaintiffs were
25 | given notice in the prior decision on the motions to dismiss the
26 | first amended complaint that they had to meet the higher pleading
27 | standard. Dec. p. 7, line 24 to p. 8, line 2.

28 |

20

1     County defendants' motion for a more definite statement is

2 GRANTED.

3

4 SO ORDERED.

5

6 DATED:   *11-15-01*

7

8                                     _____

9                                        Oliver W. Danger
                           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                         21

United States District Court
for the
Eastern District of California
November 19, 2001

\* \* CERTIFICATE OF SERVICE \* \*

1:00-cv-07173

Golden

v.

Fresno County

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 19, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

OWW   DLB

Kate Wells
Law Offices of Kate Wells
2600 Fresno Street
Santa Cruz, CA  95062

James J Arendt
Weakley and Ratliff
1630 E Shaw Ave
Suite 176
Fresno, CA  93710

James Darvin Weakley
Weakley and Ratliff
1630 E Shaw Ave
Suite 176
Fresno, CA  93710

Harvie Ruth Schnitzer
City of Fresno
2600 Fresno Street
Fresno, CA  93721-3602

Hilda Cantu Montoy
Fresno City Attorney's Office

David Morgan Frost
US Department of Justice
P O Box 7146
Washington, DC   20044-7146

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk