McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Nonparty Federal Witnesses, AUSA CARL FALLER, FBI SA BRIAN L. CREWS, AND ATF SAs HERBERT W. DRAKE AND GARY MAYFIELD

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOLDEN, et al., | CIV. F-00-7173-OWW/SMS |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION TO QUASH SUBPOENAS TO NONPARTY FEDERAL WITNESSES** |
| v. | |
| COUNTY OF FRESNO, et al., | |
| Defendants. | |

This case came before me on October 14, 2004, on nonparty federal witnesses' motion to quash subpoenas directed by plaintiff Michael Golden to FBI Special Agent Brian L. Crews and ATF Special Agent Herbert W. Drake. Yoshinori H. T. Himel, Assistant United States Attorney, represented the witnesses; M. Jeffrey Kallis, who was present telephonically, represented plaintiff Golden.

### FINDINGS OF FACT

1. Since June 2001, over three years before he was subpoenaed, ATF SA Herbert W. Drake, formerly of Fresno ("Drake"), has resided and been assigned in the Washington DC area. Since December 2003, FBI SA Brian L. Crews, formerly of Fresno ("Crews"), has resided and been assigned in the Washington DC area.



2. The court takes judicial notice under Fed. R. Evid. 201 that the straight line distance from Fresno to Washington DC is more than 2300 miles. The court takes judicial notice that the road distance from Washington DC to Fresno is more than 2900 miles.

3. On July 30, 2004, counsel for plaintiff Michael Golden ("plaintiff") issued subpoenas to Crews, Drake, ATF SA Gary Mayfield, and Assistant United States Attorney Carl Faller.

4. On August 31, 2004, plaintiff's process server delivered copies of the subpoenas to employees of the FBI in Fresno, the ATF in Fresno, and the United States Attorney's Office.

5. It appears from FBI SA Thinh Nguyen's declaration that Nguyen told plaintiff's server, before the server handed over the subpoena for Crews, that Crews is assigned in Washington DC.

6. It is undisputed that the server tendered no funds for mileage or appearance fees with the subpoenas.

7. On September 1, 2004, the day after the attempted service, counsel for the nonparty federal witnesses informed plaintiff's counsel of contended defects in the subpoena service including the fact that Crews and Drake are located in Washington DC.

8. The parties to the motion are at odds as to whether the federal employees receiving the subpoenas in Fresno were authorized to accept service of subpoenas for the nonparty federal witnesses. Plaintiff contends that they were so authorized and that they stated they were. Nonparty federal witnesses contend that they were not, and that they did not say they were.

9. Plaintiff's contention of the employees' authorization to receive service rests on a facsimile copy of a declaration by process server Leroy Holt. Although plaintiff represented that he was prepared to call Mr. Holt as a witness at the hearing, Mr. Holt was not at the hearing and did not testify.

10. Nonparty federal witnesses' contention that the Fresno employees lacked authorization to receive service rests on Crews, Fresno FBI SA Thinh Nguyen, Drake, and Fresno ATF Investigative Analyst Myrna McCoy.

11. Nonparty federal witnesses also contend that Mr. Holt planned to create a story of agency for all four of the day's nonparty federal witness subpoenas. See Fed. R. Evid. 404(b). That contention rests on Mr. Holt's statements, SA Nguyen, Ms. McCoy, Fresno USAO Legal Assistant Eva Carrizales, and Fresno Lead Court Security Officer Anthony Guerrero.

11. The declarations from Crews and Nguyen and from Drake and McCoy reflect that there was no authorization for Nguyen to accept subpoena service on behalf of Crews, or for McCoy to accept subpoena service on behalf of Drake.

12. The declarations from Nguyen, McCoy, Carrizales and Guerrero deny the statements Mr. Holt attributed to Nguyen, McCoy and Carrizales that authorization existed.

13. The weight of the evidence is on the side of nonparty federal witnesses' contention that there was no authority to accept subpoenas on behalf of Crews or Drake.

14. The evidence, if any, of SA Nguyen's and Ms. McCoy's authorization to accept service on behalf of SA Crews and SA Drake, does not preponderate.

15. Plaintiff made only the one attempt to serve the subpoenas.

16. Plaintiff did not attempt to serve subpoenas in Washington DC to Crews or Drake for trial or deposition.

17. It appears from Ms. Carrizales's declaration that one of the service attempts ended when Mr. Holt left the scene without allowing her time to see if she could obtain authorization to accept service.

18. It appears from SA Nguyen's declaration that plaintiff's server thought he "just needed to leave the subpoena with someone in Fresno."

19. It appears from Ms. McCoy's declaration that Mr. Holt knew, before the service attempt, that Drake and the other ATF Special Agent "had transferred to other ATF offices."

20. Plaintiff has not made sufficiently diligent service efforts that an order permitting substituted service would be appropriate.

**CONCLUSIONS OF LAW**

1. Fed. R. Civ. P. 45(b)(1), governing service of subpoenas, requires that "if the

3

person's attendance is commanded . . . the fees for one day's attendance and the mileage allowed by law" must be tendered to that person.

2. The "plain meaning of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." <u>CF&I Steel Corp. v. Mitsui & Co.</u>, 713 F.2d 494, 496 (9th Cir. 1983); <u>Tedder v. Odel</u>, 890 F.2d 210, 210-11 (9th Cir. 1989). In <u>Robertson v. Dennis</u>, 330 F.3d 696, 705 (5th Cir. 2003), the Fifth Circuit affirmed a decision quashing a deposition subpoena served with the $40.00 first day's appearance fee but without an estimated mileage fee, even though the mileage fee would have been only about $5.00. <u>Id.</u>

3. Under <u>CF&I</u>, the law is strict. Unlike the California subpoena rules in Cal. Code Civ. Proc. §§ 1987 and 2065, there is no right under Federal Rule 45 to delay payment of appearance or mileage fees until after service. There is no federal doctrine of substantial compliance with the simultaneous service requirement.

4. The present subpoenas, which were unaccompanied by any appearance or mileage fees, must be quashed for failure to tender appearance and mileage fees.

5. Fed. R. Civ. P. 45(b)(2) allows a subpoena to be served only "within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . trial . . . specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena . . ."

6. At most, this court's subpoena power in ordinary civil cases under Rule 45(b)(2) is statewide. Plaintiff has cited no provision of California law allowing extraterritorial service, and no authority for an exception to the Rule 45 geographic limit.

7. The subpoenas to Crews and Drake must be quashed because Washington DC is outside the geographical limits of this court's subpoena power.

8. Fed. R. Civ. P. 45(b)(1) requires that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person . . ."

9. According to the weight of authority, Rule 45(b)(1) requires personal service. <u>Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.</u>, 211 F.R.D. 685, 687 (N.D. Ga.

2002); Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001); Application of Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973); Terre Haute Warehousing Serv., Inc. v. Grinnell Fire Protection Sys. Co., 193 F.R.D. 561, 562-63 (S.D. Ind. 1999); FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980); Application of Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973); Ghandi v. Police Dept. of the City of Detroit, 74 F.R.D. 115, 120-21 (E.D. Mich. 1977); United States v. Philip Morris Inc., 312 F. Supp. 2d 27, 37-38 (D.D.C. 2004).

10. Plaintiff Golden relies on cases approving substituted service. Those cases are factually inapposite here because no order permitting substituted service has been sought or granted. Nor would substituted service be permitted on these facts, since plaintiff has not diligently attempted service upon the nonparty federal witnesses.

11. The nonparty federal witnesses objected to admissibility of a faxed copy of plaintiff's Holt declaration. The objection is sustained under Fed. R. Evid. 802 and 1002.

## ORDER

It is therefore ORDERED as follows:

1. Nonparty federal witnesses' motion to quash subpoenas is GRANTED.

2. Plaintiff Michael Golden's trial subpoena directed to FBI Special Agent Brian L. Crews is QUASHED for failure to tender any fees under Fed. R. Civ. P. 45(b)(1), lack of geographic power under Rule 45(b)(2), and lack of personal service under Rule 45(b)(1).

3. Plaintiff Michael Golden's trial subpoena directed to ATF Special Agent Herbert W. Drake is QUASHED for failure to tender any fees under Fed. R. Civ. P. 45(b)(1), lack of geographic power under Rule 45(b)(2), and lack of personal service under Rule 45(b)(1).

It is SO ORDERED.

DATED: October 28, 2004

OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on **October 18, 2004**, she served a copy of:

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION TO QUASH SUBPOENAS TO NONPARTY FEDERAL WITNESSES**

by placing said copy in an envelope addressed to the persons hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Sacramento, California.

Addressees:

M. Jeffery Kallis, Esquire
80 North First St.
San Jose, CA 95113

Phyllis E. Andelin, Esquire
4000 Bridgeway, Ste. 103
Sausalito, CA 94965

James D. Weakley, Esquire
James J. Arendt, Esquire
Weakley, Ratliff, Arendt & McGuire, LLP
1630 E. Shaw Ave., Ste. 176
Fresno, CA 93710

*Jocelyn M. Trujillo*

United States District Court
for the
Eastern District of California
November 1, 2004

* * CERTIFICATE OF SERVICE * *

1:00-cv-07173

Golden

   v.

Fresno County

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on November 1, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

OWW SMS

M Jeffery Kallis
The Law Firm of Kallis and Associates
80 North First Street
San Jose, CA  95113

James J Arendt
The Law Firm of Weakley Ratliff Arendt and McGuire LLP
1630 East Shaw Avenue
Suite 176
Fresno, CA  93710

James Darvin Weakley
The Law Firm of Weakley Ratliff Arendt and McGuire LLP
1630 East Shaw Avenue
Suite 176
Fresno, CA  93710

Harvie Ruth Schreiber
City of Fresno
2600 Fresno Street
Fresno, CA  93721-3602

Yoshinori Himel
Office of the US Attorney
501 I Street
Suite 10-100